SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

SCANNED

Case No. CR 03-0010 MMM Date April 25, 2005

Present: The Honorable MARGARET M. MORROW

Interpreter: N/A

| ANEL HUERTA | N/A | Matthew E. Sloan |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| STEVEN COMISAR | NOT | X | | DANA COLE | NOT | X | |

**Proceedings: ORDER DENYING DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING**

In his sentencing paper filed January 13, 2005, defendant Steven Comisar requests that the court hold an evidentiary hearing on his allegation that the government acted arbitrarily and in bad faith in failing to file a § 5K1.1 motion in this case. Whether to hold such a hearing is a matter that rests in the court's discretion. See, e.g., *United States v. Pearson*, 274 F.3d 1225, 1234 (9th Cir. 2001) (noting that the circuit court reviews a district court's decision not to hold an evidentiary hearing in connection with sentencing for abuse of discretion, and upholding the district court's denial of such a hearing because it gave defendant "'an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence,'" quoting FED.R.CRIM.PROC. 32(c)(1)); *United States v. Stein*, 127 F.3d 777, 780 (9th Cir. 1997) ("We also find that the district court did not abuse its discretion in not holding an evidentiary hearing on the amount of loss. . . . Rule 32 requires that the district court make findings on unresolved objections and 'afford counsel for the defendant . . . an opportunity to comment . . . on matters relating to the appropriate sentence,' Fed.R.Crim.P. 32(c)(1), but Rule 32 does not create a 'general right to an evidentiary hearing at sentencing,'" quoting *United States v. Real-Hernandez*, 90 F.3d 356, 361 (9th Cir. 1996)).

Based on its review of the sentencing papers filed by both parties, the court concludes that no evidentiary hearing is warranted. As noted, defendant requests an evidentiary hearing on his contention that the government's failure to file a § 5K1.1 motion was arbitrary or in bad faith. In support of its position that the decision was proper, the government has submitted the declarations of three Assistant United States Attorneys and two agents for the Federal Bureau of Investigation. Some of these declarations attach exhibits that are referenced by the declarant. Defendant, by contrast, offers nothing but unsupported allegations regarding statements made and actions taken by government officials. Because defendant has not made even

ENTER ON ICMS

MAY - 2 2005

107

a *prima facie* showing that the government acted arbitrarily or in bad faith, the court exercises its discretion to deny his request for an evidentiary hearing. See *United States v. Monaco*, 852 F.2d 1143, 1149 (9th Cir. 1988) (holding that the district court did not abuse its discretion in denying an evidentiary hearing on the theft loss attributable to defendant given the evidence presented by the government and defendant's failure to present any facts in rebuttal), cert. denied, 488 U.S. 1040 (1989); see also *United States v. Grant*, 114 F.3d 323, 327 (1st Cir. 1997) ("Grant made no proffer regarding any possible, let alone relevant or material, evidence that would be brought forward at an evidentiary hearing. Without a reason to believe that any benefit would derive from convening an evidentiary hearing, the district court surely did not abuse its discretion in refusing Grant's request"); *United States v. Fernandez*, 980 F.2d 739, 1992 WL 336969, * 4 (9th Cir. Nov. 13, 1992) (holding that it was not an abuse of discretion to deny defendant's request for an evidentiary hearing on the amount of loss where defendant failed to adduce evidence in support of his contention that the loss was minimal in response to a probation department request that he do so); *United States v. Shattuck*, 961 F.2d 1012, 1015 (1st Cir. 1992) (holding that the district court's decision to deny an evidentiary hearing was not an abuse of discretion, *inter alia*, because "[a]t no time did appellant identify any evidence which would be presented at a hearing, so as to enable the district court to evaluate the usefulness of an evidentiary hearing"); *United States v. Gomes*, 947 F.2d 951, 1991 WL 216938, * 1 (9th Cir. Oct. 25, 1991) ("Gomes contends that he was denied a meaningful opportunity to rebut the allegations in the presentence report because the district court relied on statements by Ronald Levan and Gomes' codefendants Vicky Ochoa and Steven Avila without holding an evidentiary hearing on their reliability. Gomes introduced no affidavits or other factual material to dispute the information in the statements. . . . As Gomes did not offer any contradicting evidence, we find no abuse of discretion in the district court's denial of an evidentiary hearing on the reliability of the statements").